**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4585**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

    v.

JAMES LATRON SUMTER, a/k/a T,

             Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, Chief District Judge.  (4:18-cr-00772-RBH-1)

Submitted:  April 10, 2020                           Decided:  April 20, 2020

Before GREGORY, Chief Judge, and KEENAN and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

W. James Hoffmeyer, LAW OFFICE OF W. JAMES HOFFMEYER, Florence, South Carolina, for Appellant.  A. Lance Crick, Acting United States Attorney, Everett E. McMillian, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Latron Sumter pleaded guilty to conspiracy to possess with intent to distribute and distribute cocaine and heroin resulting in death and serious bodily injury, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 (2018). On appeal, Sumter contends that the district court abused its discretion by denying his motion to withdraw his guilty plea and that his 240-month sentence amounts to cruel and unusual punishment under the Eighth Amendment. For the following reasons, we affirm.

We review a district court's denial of a defendant's motion to withdraw his guilty plea for abuse of discretion. *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012). A criminal defendant may withdraw a plea after it has been accepted by the district court if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). A defendant does not have an absolute right to withdraw a guilty plea, *United States v. Walker*, 934 F.3d 375, 377 n.1 (4th Cir. 2019), and "bears the burden of demonstrating that withdrawal should be granted," *United States v. Thompson-Riviere*, 561 F.3d 345, 348 (4th Cir. 2009) (internal quotation marks omitted). A district court considers a variety of factors when deciding whether the defendant has met his burden, *see United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991), but "a properly conducted Rule 11 guilty plea colloquy . . . raises a strong presumption that the plea is final and binding," *Nicholson*, 676 F.3d at 384 (brackets and internal quotation marks omitted). After reviewing the record on this point, and reviewing all of the *Moore* factors, we conclude that the district court did not abuse its discretion in denying Sumter's motion to withdraw his plea.

Moving to Sumter's challenge to his sentence, because Sumter did not raise his constitutional claim in the district court, we review this issue for plain error. *See United States v. Jackson*, 706 F.3d 264, 270 n.2 (4th Cir. 2013). The Eighth Amendment "forbids only extreme sentences that are grossly disproportionate to the crime." *Graham v. Florida*, 560 U.S. 48, 60 (2010) (internal quotation marks omitted). We are required to engage in a proportionality analysis under the Eighth Amendment only "in those cases involving life sentences without parole, or, alternatively, in cases involving terms of years without parole that are functionally equivalent to life sentences because of the defendant['s] age[]." *United States v. Dowell*, 771 F.3d 162, 168 (4th Cir. 2014) (internal quotation marks omitted). Because Sumter's sentence does not fall within either of those categories, we decline to engage in that analysis here, and therefore conclude that the district court did not plainly err by imposing the mandatory minimum sentence of 240 months' imprisonment.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

3